A270M-00027

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

JERROD BISHOP, INDIVIDUALLY,
AND ON BEHALF
OF ALL WRONGFUL DEATH
BENEFICIARIES OF JARED AUSTIN
BISHOP, DECEASED

    Plaintiffs,                                Docket No.: 2:22-CV-02171

v.                                        **JURY DEMANDED**

AVR EXPRESS, LLC
ABDIHAKIM YUSUF OMAR,
AND JOHN DOES 1-10

    Defendants.
_____

## NOTICE OF REMOVAL
_____

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant, AVR Express, LLC ("AVR" or "Defendant"), through undersigned counsel, removes this case from the Circuit Court for the Thirtieth Judicial District of Shelby County, Tennessee to the United States District Court for the Western District of Tennessee, Western Division. In support of this Notice of Removal, Defendant states as follows:

### STATEMENT OF GROUNDS FOR REMOVAL

1.    This case arises from a motor vehicle accident that occurred on October 8, 2021, in Memphis, Shelby County, Tennessee, between Jared Austin Bishop, deceased, and Defendant Abdihakim Yusuf Omar ("Defendant Omar"). *See* Pl.'s Compl. ¶ 8. On February 22, 2022, Plaintiff Jarrod Bishop filed a Complaint ("Complaint") against Defendants Omar and AVR in the

Circuit Court for the Thirtieth Judicial District, Shelby County, Tennessee with Case Number CT-0770-22 ("State Court Action").

2. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants or otherwise listed on the docket of the State Court Action are attached hereto as "Exhibit A".

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1441 because the Western Division of the United States District Court for the Western District of Tennessee is the federal judicial district embracing Shelby County, Tennessee, where the State Court Action was filed.

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1441(b) and 1332 because the opposing parties are completely diverse and the amount in controversy exceeds $75,000.00.

5. This removal is timely pursuant to 28 U.S.C. § 1446(b)(1) because it is filed within thirty (30) days of service of Plaintiff's Complaint on Defendants.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of this removal to Plaintiff and filed a copy of the notice with the Clerk of the Circuit Court of the Thirtieth Judicial Circuit, Shelby County, Tennessee.

**REMOVAL IS TIMELY**

7. The time for removal is governed by 28 U.S.C. § 1446(b)(1), which requires that a notice of removal be filed within thirty (30) days of defendant's receipt of plaintiff's initial pleading.

8. Plaintiff filed his Complaint on February 22, 2022, and AVR was served with the Summons and Complaint on March 2, 2022. Defendant Omar has not been served with the Summons and Complaint as of the date of this filing.

9. Accordingly, this removal is timely filed pursuant 28 U.S.C. § 1446(b)(1) because it was filed within thirty (30) days of Plaintiff's serving the Summons and Complaint on Defendant AVR. *See* Exhibit A.

## COMPLETE DIVERSITY EXISTS

10. Complete diversity exists between the named parties.

11. Plaintiff Jarrod Bishop is an individual and citizen of the state of Mississippi. *See* Pl.'s Compl. ¶1; *see also* Exhibit A.

12. Defendant AVR is a limited liability corporation organized under the laws of the state of Illinois with its principal place of business in Illinois. For the purposes of determining diversity, a corporation is a citizen of both the state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, Defendant AVR is a citizen of the State of Illinois.

13. There are four members of AVR to wit: Don Vladan Stojanovic is a resident and citizen of the State of Illinois; Rasa Stojanovic is a resident and citizen of the State of Illinois; Tyler Burlage is a resident and citizen of the State of Iowa; and Jennifer Burlage is a resident and citizen of the State of Iowa.

14. Defendant Omar is an individual and citizen of the State of Colorado.

15. Therefore, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332 because all named parties are citizens of different states as are the individual members of AVR.

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

16. This action arises from a motor vehicle accident which led to the death of Plaintiff's decedent, Jared Austin Bishop.

17. A defendant wishing to remove a case bears the burden of satisfying the amount-in-controversy requirement. *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 155 (6th Cir. 1993). When determining the amount in controversy, the Sixth Circuit has held that "a fair reading of . . .

unspecified . . . damages" is adequate for a defendant to meet the amount in controversy requirement. *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 573 (6th Cir. 2001).

18. Here, Plaintiff's Complaint alleges that the negligence of these Defendants caused serious bodily injuries resulting in the death of Plaintiff's decedent, Jared Austin Bishop, as well as the following economic and non-economic damages sustained by the Plaintiff:

   a. As a direct and proximate result of the aforementioned negligence of the Defendants' negligence, Jared Austin Bishop sustained serious bodily injuries, resulting in his death. Defendants are jointly and severally liable . . . for loss of his companionship, society, support, affection and love;

   b. That as a direct and proximate result of the aforementioned negligent acts of the Defendants, the sole wrongful death beneficiary of Jared Austin Bishop has suffered the untimely and unexpected loss of his son, and has endured severe mental anguish and emotional suffering and has been unduly deprived of the companionship, support, love and affection and has been forced to deal with the horrific and traumatic experience, which has affected his daily life and routine and diminished his enjoyment of life;

   c. [Plaintiff] seeks and demands any and all damages to which he is entitled by law or equity including, but not limited to, loss of love, society, companionship, loss of affection, pain and suffering and mental anguish, medical expenses, funeral expenses, loss of wage-earning capacity, loss of future wages, loss of ability to enjoy life, economic damages, non-economic damages along with those provided pursuant to Tenn. Code Ann. § 20-5-106, the Wrongful Death Statute of Tennessee, and any other applicable laws;

Pl.'s Compl. ¶¶ 23-25.

19. Plaintiff's Complaint also claims punitive damages for the alleged gross negligence of these Defendants. Pl.'s Compl. ¶¶ 26-28.

20. Finally, the Ad Damnum demands judgment for damages within the jurisdictional limits of this Court in order to compensate the Plaintiff for the wrongful death of Jared Austin Bishop, the cost of medical treatment, inconvenience, pain and suffering, as well as non-specified economic and non-economic damages, punitive damages, pre- and post-judgment interest, and

4

attorney fees on behalf of the Plaintiff's decedent, and the Plaintiff as an individual party. Pl.'s Compl. at pp. 7-8

21. Based on the above, Defendants have established that a "fair reading" of the alleged injuries and damages shows that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## CONCLUSION

22. For the foregoing reasons, this Court has jurisdiction over this matter based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1). As discussed, this removal was timely filed, complete diversity of jurisdiction exists between all named parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

WHEREFORE, notice is hereby given that this action is removed from the Circuit Court of Shelby County, Tennessee to the United States District Court for the Western District of Tennessee, Western Division.

Dated this 21st day of March, 2022.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By:  s/Stephen W. Vescovo
STEPHEN W. VESCOVO (7246)
PATRICK S. QUINN (35293)
40 S. Main Street, Suite 2900
Memphis, TN  38103
(901) 525-8721 (telephone)
(901) 525-6722 (facsimile)
svescovo@lewisthomason.com
pquinn@lewisthomason.com
*Attorneys for Defendant AVR Express, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Notice of Removal has been served upon the counsel for the parties in interest herein as set forth below:

| | |
|---|---|
| ☐ Hand<br>☐ Mail<br>☐ Fax<br>☐ FedEx<br>☐ EFS<br>☒ E-mail | Charles Edwards, Esq.<br>Marc Boutwell, Esq.<br>LAW OFFICE OF MARC BOUTWELL, PLLC<br>103 West China St.<br>P.O. Box 956<br>Lexington, MS  39095-0956<br>edwardcc@bellsouth.net<br>boutwell@bellsouth.net<br>*Attorneys for Plaintiffs* |
| ☐ Hand<br>☐ Mail<br>☐ Fax<br>☐ FedEx<br>☐ EFS<br>☒ E-mail | Frank L. Watson, Esq.<br>William F. Burns, Esq.<br>William E. Routt, Esq.<br>WATSON BURNS, PLLC<br>253 Adams Avenue<br>Memphis, TN 38103<br>fwatson@watsonburns.com<br>bburns@watsonburns.com<br>wroutt@watsonburns.com<br>*Attorneys for Plaintiffs* |

Dated this 21st day of March, 2022.

    s/Stephen W. Vescovo

11023886