ELECTRONICALLY FILED
2022 Feb 28 11:38 AM
CLERK OF COURT

# IN THE CIRCUIT COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| JERROD BISHOP, INDIVIDUALLY, AND ON BEHALF OF ALL THE WRONGFUL DEATH BENEFICIARIES OF JARED AUSTIN BISHOP, DECEASED<br><br>Plaintiffs,<br>v.<br><br>AVR EXPRESS, LLC ABDIHAKIM YUSUF OMAR, AND JOHN DOES 1-10<br><br>Defendants. | Case No. _____<br><br>JURY DEMANDED |

## COMPLAINT

**COMES NOW**, Jerrod Bishop, individually, and on behalf of all wrongful death beneficiaries of Jared Austin Bishop, and by and through counsel herein, and files this his Complaint against AVR EXPRESS, LLC, AND ABDIHAKIM YUSUF OMAR, and John Does 1-10, and in support thereof, Plaintiffs would show unto the Court as follows:

### PARTIES

1.  Plaintiff, Jerrod Bishop, is an adult resident citizen of Desoto County, Mississippi, who resides at 5662 Caroline Drive, Horn Lake, Mississippi, and is a legal heir at law, and father of the deceased, Jared Austin Bishop, deceased. It is the intent of the Plaintiff herein to pursue a claim for wrongful death on behalf of any and all wrongful death beneficiaries and/or heirs of the

deceased, pursuant to Tenn. Code § 20-5-106, the Wrongful Death Statute of the State of Tennessee, and any other applicable statutes or laws.

2. The Defendant, AVR Express, LLC is a corporation, qualified under the Constitution and laws of the State of Illinois, who may be served with process of this Court through its registered agent and manager, VLADAN STOJANOVIC, 14137 Sterling Drive, Orland Park, IL 60467, or by delivering a copy of the summons and of the complaint to an officer or managing or general agent of AVR EXPRESS, LLC.

3. The Defendant, Abdihakim Yusuf Omar is an adult resident citizen of Colorado, subject to the jurisdiction of this Court, and may be personally served, or served via U.S. Mail, return receipt requested, with process of this Court at his home address of 2390 S Quebec Street, Apt. 205, Denver, CO 80231-6721.

4. Defendants John Does 1-10 are persons, companies, and/or other entities reasonably believed to have acted, or failed to act, and caused the complained-of damages to Plaintiffs. Their identities are not currently known, but when they become known, they will be properly substituted.

## JURISDICTION AND VENUE

5. All events which form the basis of this Complaint for Damages are based in tort an occurred in Memphis, Shelby County, Tennessee.

6. Venue is properly situated in Shelby County pursuant to Tenn. Code Ann. § 29-20-308.

7. This Court has exclusive jurisdiction pursuant to Tenn. Code Ann. § 29-20-307.

## FACTUAL BACKGROUND

8. On or about October 8, 2021, in Shelby County, Memphis, Tennessee, at 0855 a.m.., Jared Austin Bishop was operating his 2015 Dodge Challenger westbound on Shelby Drive when the 2016 Freightliner TT being operated by Abdihakim Yusuf Omar, who made a sudden and **illegal** U-turn to go eastbound on Shelby Drive, and near Swinnea, blocking both westbound lanes of most of the eastbound lanes on Shelby Drive, when Jared Austin Bishop, who was driving his 2015 Dodge Challenger, blue in color, struck the center of the trailer that the Defendant was carrying, causing his FATAL injuries.

9. The death of Jared Austin Bishop is the result of the negligent operation of the motor vehicle driven by Defendant Driver, Abdihakim Yusuf Omar.

Defendant Abdihakim Yusuf Omar negligently operated his 18-wheeler by doing an illegal u-turn, causing the 2015 Dodge Challenger being driven by the driver and now deceased, Jared Austin Bishop, to collide into his trailer. The driver was cited for his illegal and improper U-turn. Additionally, Plaintiff alleges that the Defendant AVR Express, LLC, negligently hired, trained, supervised, and/or retained the Defendant Driver, and as a driver for AVR Express, LLC and as an agent, joint venture, and/or should be held liable under the principle of "respondent superior".

10. At the time of the complained of herein between the named Jared Austin Bishop (deceased) and Defendants, said accident occurred without fault or negligence of Jared Austin Bishop, deceased.

11. As a result, Jared Austin Bishop was killed instantly. In addition to the above mentioned acts of negligence, the accident was caused by one or more of the following acts of negligence on the part of the Defendants, for which negligence must stand responsible together, jointly and severally, and said negligence including, but not limited to the following acts and omissions:

a. Failure to yield the right of way;

b. Failure to keep a proper look out for other traffic or persons;

c. Failure to maintain a proper degree of control of the vehicle;

d. Operating the vehicle in an unsafe, unreasonable, reckless, and or indiscriminate manner without due regard for the safety of others, including Plaintiffs';

e. Failure to avoid collision;

f. Negligent entrustment of a motor vehicle;

g. Following improperly;

h. Failure to maintain a safe lookout;

i. Any and all other negligent acts and/or omissions which may be shown during the course of these proceedings.

## COUNT ONE: COMMON LAW ACTS OF NEGLIGENCE

12. Plaintiff realleges, restates and incorporates all allegations and averments otherwise set forth in Paragraph Nos. 1 through 11 herein.

13. Defendants were negligent in that Abdihakim Yusuf Omar failed to maintain the 2016 Freightliner TT he was operating under due and reasonable control.

14. Defendants were negligent in that Abdihakim Yusuf Omar failed to maintain a due and proper look out in the direction he was traveling.

15. Defendants were negligent in that Abdihakim Yusuf Omar was operating his vehicle at a and made an illegal U-turn on Shelby Drive, causing Plaintiff to collide into the trailer he was hauling, causing Jared Austin Bishop's death.

## COUNT TWO: RESPONDEAT SUPERIOR

16. Plaintiff realleges, restates and incorporates all allegations and averments otherwise set forth in Paragraph Nos. 1 through 15 herein.

17. Further, AVR Express, LLC, and Abdihakim Yusuf Omar are jointly and severally liable for the injuries negligently caused by Abdihakim Yusuf Omar, driver for AVR Express, LLC.

## COUNT THREE: NEGLIGENT HIRING, SUPERVISION AND RETENTION

18. Plaintiff realleges, restates and incorporates all allegations and averments otherwise set forth in Paragraph Nos. 1 through 17 herein.

19. Defendant AVR Express, LLC is negligent in hiring Abdihakim Yusuf Omar to operate one of its truck and trailers, was required to exercise a duty of care commensurate with the nature and hazards of its business as an interstate trucking operator. Defendant AVR Express, LLC, owed a further duty to investigate the reputation of any employee prior to hiring them or otherwise providing them with employment.

20. Defendant AVR Express, LLC is further liable for negligently failing to supervise and train Abdihakim Yusuf Omar.

21. As a proximate and foreseeable result of the negligent hiring, retention and supervision of Abdihakim Yusuf Omar by AVR Express, LLC, set forth above, Jared Austin Bishop is deceased, as a result of the accident on October 8, 2021, as a result of the accident on Shelby Drive, in Memphis, Tennessee.

## COUNT FOUR: WRONGFUL DEATH

22. Plaintiff realleges restates, and incorporates all allegations and averments otherwise set forth in Paragraph Nos. 1 through 21 herein.

23. As a direct and proximate result of the aforementioned negligence of the Defendants' negligence, Jared Austin Bishop sustained serious bodily injuries, resulting in his death. Defendants are jointly and severally liable unto the heirs and wrongful death beneficiaries of Jared Austin Bishop, for loss of his companionship, society, support, affection and love. The only know heir is (believed to be the sole heir) is Jerrod Bishop, the Plaintiff and father of Jared Austin Bishop, deceased.

24. That as a direct and proximate result of the aforementioned negligent acts of the Defendants, the sole wrongful death beneficiary of Jared Austin Bishop has suffered the untimely and unexpected loss of his son, and has endured severe mental anguish and emotional suffering and has been unduly deprived of the companionship, support, love and affection and has been forced to deal with the horrific and traumatic experience, which has affected his daily life and routine and diminished his enjoyment of life.

25. That Jerrod Bishop, as the sole heir and wrongful death beneficiary of Jared Austin Bishop, seeks and demands any and all damages to which he is entitled by law or equity including, but not limited to, loss of love, society, companionship, loss of affection, pain and suffering and mental anguish, medical expenses, funeral expenses, loss of wage-earning capacity, loss of future wages, loss of ability to enjoy life, economic damages, non-economic damages along with those provided pursuant to Tenn. Code § 20-5-106, the Wrongful Death Statute of the State of Tennessee, and any other applicable statutes or laws.

### COUNT FIVE: GROSS NEGLIGENCE AND PUNITIVE DAMAGES

26. Plaintiff realleges, restates and incorporates all allegations and averments otherwise set forth in Paragraph Nos. 1 through 25 herein.

27. Defendants' conduct and/or omissions constitute a willful and intentional wrong to Jared Austin Bishop, Deceased, which was done with such gross and reckless negligence as is equivalent to such a wrong, and which entitles Plaintiffs to punitive damages in an amount to be proven at trial.

28. The intentional, willful, unlawful, wanton, reckless, grossly negligent and/or negligent acts and/or omissions of Defendants were proximate causes of the above-described incident, the resulting fatal injuries sustained by Jared Austin Bishop, and resulting losses and damages sustained by Plaintiff.

WHEREFORE PREMISES CONSIDERED, Plaintiff, Jerrod Bishop, in his own right and as father of Jared Austin Bishop, on behalf of all wrongful death beneficiaries of Jared Austin Bishop, Deceased pray that this Court issue the following relief:

(A) Judgment for damages within the jurisdictional limits of this Court in order to compensate the Plaintiff for the wrongful death of Jared Austin Bishop, Deceased; the cost of medical treatment, inconvenience, pain and suffering in this case, suffered as a result of the allegations contained in this Complaint;

(B) Judgment for damages in an amount yet to be determined for the economic and non-economic damages provided pursuant to pursuant to Tenn. Code § 20-5-106, the Wrongful Death Statute of the State of Tennessee, and any other applicable statutes or laws;

(C) Punitive damages as a result of the allegations contained in this Complaint;

(D) Pre-judgment and post-judgment interest;

(E) Plaintiff, Jerrod Bishop, in his own right, and as father of Jared Austin Bishop, on behalf of all wrongful death beneficiaries of Jared Austin Bishop, Deceased, prays for such other relief, both general and specific, as this Court deems appropriate in the premises; and

(F) Pursuant to Tenn. R. Civ. P. 38 the Plaintiff, Jerrod Bishop, in his own right and as father of Jared Austin Bishop, on behalf of all wrongful death beneficiaries of Jared Austin Bishop, Deceased demand a trial by jury on all claims as to which they have a right to trial by jury.

G) Judgment for damages within the jurisdictional limits of this Court in order to compensate the Plaintiffs for the wrongful death of Jared Austin Bishop, Deceased;

the cost of medical treatment, inconvenience, pain and suffering in this case, suffered as a result of the allegations contained in this Complaint;

H. Judgment for damages in an amount yet to be determined for the economic and non-economic damages provided pursuant to pursuant to Tenn. Code § 20-5-106, the Wrongful Death Statute of the State of Tennessee, and any other applicable statutes or laws;

I. Punitive damages as a result of the allegations contained in this Complaint;

J. Pre-judgment and post-judgment interest and attorneys fees.

THIS the 28th day of February 2022.

Respectfully submitted,

*William F. Burns*

Frank L. Watson, III (Tenn. Bar No. 15073)
William F. Burns (Tenn. Bar No. 17908)
William E. Routt (Tenn. Bar No. 28577)
WATSON BURNS, PLLC
253 Adams Avenue
Memphis, Tennessee 38103
Phone: (901) 529-7996
Fax: (901) 529-7998

*Counsel for Plaintiffs*

OF COUNSEL:

Marc Boutwell, MSB#9263
Charles Edwards, MSB#99773
Law Office of Marc Boutwell, PLLC
103 West China Street
PO Box 956
Lexington, MS 39095-0956
Telephone: 662-834-9029
Telecopier: 662-834-3117

*Counsel for Plaintiffs*

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2022 Feb 28 11:38 AM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

- ● Lawsuit
- ○ Divorce

Docket No. _____      Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| JERROD BISHOP, INDIVIDUALLY, AND ON BEHALF OF ALL THE WRONGFUL DEATH BENEFICIARIES OF JARED AUSTIN BISHOP, DECEASED | VS | AVR EXPRESS, LLC, ABDIHAKIM YUSUF OMAR, AND JOHN DOES 1-10 |

TO: (Name and Address of Defendant (One defendant per summons))

ABDIHAKIM YUSUF OMAR
2390 S QUEBEC STREET
APT. 205
DENVER, CO 80231-6721

Method of Service:
- ○ Certified Mail
- ○ Shelby County Sheriff
- ○ Commissioner of Insurance ($)
- ○ Secretary of State ($)
- ○ Other TN County Sheriff ($)
- ● Private Process Server
- ○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Frank L. Watson, III Plaintiff's attorney, whose address is Watson Burns, PLLC, 253 Adams Ave, Memphis, TN 38103 telephone (901) 529-7996 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____      By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master   By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____    By: _____
Signature of person accepting service                                         Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

**Case Style:** JERROD BISHO VS AVR EXPRESS LLC

**Case Number:** CT-0770-22

**Type:** SUMMONS ISSD TO MISC

David Smith, DC

Electronically signed on 03/01/2022 10:53:07 AM

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2022 Feb 28 11:38 AM
CLERK OF COURT

# SUMMONS IN CIVIL ACTION

☉ Lawsuit
○ Divorce

Docket No. _____

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| JERROD BISHOP, INDIVIDUALLY, AND ON BEHALF OF ALL THE WRONGFUL DEATH BENEFICIARIES OF JARED AUSTIN BISHOP, DECEASED | VS | AVR EXPRESS, LLC, ABDIHAKIM YUSUF OMAR, AND JOHN DOES 1-10 |

TO: (Name and Address of Defendant (One defendant per summons))

AVR EXPRESS, LLC
C/O ITS REGISTERED AGENT
VLADAN STOJANOVIC
14137 STERLING DRIVE
ORLAND PARK, IL 60467

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
☉ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Frank L. Watson, III Plaintiff's attorney, whose address is Watson Burns, PLLC, 253 Adams Ave, Memphis, TN 38103 telephone (901) 529-7996 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____     By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master    By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____          By: _____
Signature of person accepting service                                    Sheriff or other authorized person to serve process


## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                              By: _____
                                                                    Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

| | |
|---|---|
| **Case Style:** | JERROD BISHO VS AVR EXPRESS LLC |
| **Case Number:** | CT-0770-22 |
| **Type:** | SUMMONS ISSD TO MISC |

David Smith, DC

Electronically signed on 03/01/2022 10:53:07 AM

ELECTRONICALLY FILED
2022 Mar 03 11:32 AM
CLERK OF COURT

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

ELECTRONICALLY FILED
2022 Feb 28 11:38 AM
CLERK OF COURT

## SUMMONS IN CIVIL ACTION

(●) Lawsuit
( ) Divorce

Docket No. _____      Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| JERROD BISHOP, INDIVIDUALLY, AND ON BEHALF OF ALL THE WRONGFUL DEATH BENEFICIARIES OF JARED AUSTIN BISHOP, DECEASED | VS | AVR EXPRESS, LLC, ABDIHAKIM YUSUF OMAR, AND JOHN DOES 1-10 |

TO: (Name and Address of Defendant (One defendant per summons))

AVR EXPRESS, LLC
C/O ITS REGISTERED AGENT
VLADAN STOJANOVIC
14137 STERLING DRIVE
ORLAND PARK, IL 60467

Method of Service:
( ) Certified Mail
( ) Shelby County Sheriff
( ) Commissioner of Insurance ($)
( ) Secretary of State ($)
( ) Other TN County Sheriff ($)
(●) Private Process Server
( ) Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Frank L. Watson, III Plaintiff's attorney, whose address is Watson Burns, PLLC, 253 Adams Ave, Memphis, TN 38103 telephone (901) 529-7996 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____   By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____ 20__

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master    By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the **2nd** day of **March**, 20**22** at **10:05 pm** M. a copy of the summons and a copy of the Complaint to the following Defendant **Vladan Stojanovic - Registered Agent, AVR Express, LLC.** at **14137 Sterling Drive, Orland Park, Illinois 60467**

\* REFUSED TO SIGN
Signature of person accepting service

By: **Yanni Athiros - Process Server**
Sheriff or other authorized person to serve process

\* Subject was afraid to open storm door to take the process, and asked the process server to place the documents in the crack at the bottom of the storm door. As process walked away, Mr. Stojanovic was observed opening the door and taking the documents.

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

A270M-00027

# IN THE CIRCUIT COURT OF TENNESSEE
# FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

_____

JERROD BISHOP, INDIVIDUALLY,
AND ON BEHALF
OF ALL WRONGFUL DEATH
BENEFICIARIES OF JARED AUSTIN
BISHOP, DECEASED

    Plaintiffs,                                     Docket No.: CT-0770-22
                                                                              Division VIII
v.                                                                                       JURY DEMANDED

AVR EXPRESS, LLC
ABDIHAKIM YUSUF OMAR,
AND JOHN DOES 1-10

    Defendants.
_____

## NOTICE OF FILING OF NOTICE OF REMOVAL
_____

      Defendants, AVR Express, LLC, ("Defendant"), hereby give notice to the Circuit Court of Shelby County, Tennessee, and to the attorneys of record for the Plaintiffs, that on March 21st, 2022, Defendant has filed a Notice of Removal with the United States District Court for the Western District of Tennessee, Western Division, seeking to remove this case to that court. A copy of Defendant's Notice of Removal is attached hereto as *Exhibit A*.

      Dated this ___ day of March, 2022.

**Error! Unknown document property name.**

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By:    s/Stephen W. Vescovo
Stephen W. Vescovo (7246)
Patrick S. Quinn (35293)
40 S. Main Street, Suite 2900
Memphis, TN  38103
(901) 525-8721 (telephone)
(901) 525-6722 (facsimile)
svescovo@lewisthomason.com
pquinn@lewisthomason.com
*Attorneys for Defendant AVR Express, LLC*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing Notice of Filing of Notice of Removal has been served upon the counsel for the parties in interest herein as set forth below:

| | |
|---|---|
| ☐ Hand<br>☒ Mail<br>☐ Fax<br>☐ FedEx<br>☐ EFS<br>☒ E-mail | Charles Edwards<br>Marc Boutwell<br>LAW OFFICE OF MARC BOUTWELL, PLLC<br>103 West China St.<br>P.O. Box 956<br>Lexington, MS  39095-0956<br>edwardcc@bellsouth.net<br>boutwell@bellsouth.net<br>*Attorneys for Plaintiffs* |
| ☐ Hand<br>☒ Mail<br>☐ Fax<br>☐ FedEx<br>☐ EFS<br>☒ E-mail | Frank L. Watson<br>William F. Burns<br>William E. Routt<br>WATSON BURNS, PLLC<br>253 Adams Avenue<br>Memphis, TN 38103<br>fwatson@watsonburns.com<br>bburns@watsonburns.com<br>wroutt@watsonburns.com<br>*Attorneys for Plaintiffs* |

Dated this 21st day of March, 2022.

   s/Stephen W. Vescovo
Stephen W. Vescovo

11023885